UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

CURTIS ELLISON,

          Defendant.
_____/

Case No. 2:04-cr-80084
Honorable Denise Page Hood

## ORDER REGARDING VARIOUS MOTIONS

This matter is before the Court on various motions filed by Defendant Curtis Ellison, including a request that the Court equitably toll the one-year filing deadline for a motion under 28 U.S.C. § 2255. For the reasons set forth below, the Court denies Ellison's request to equitably toll the one-year filing deadline.

### I. BACKGROUND

On February 4, 2008, Ellison entered a plea of guilty to one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Ellison was sentenced on May 21, 2008 to 51 months of imprisonment; 27 months of which were to run concurrently with a 137 month sentence from another judgment in Case No. 04-cr-80335-D3 (E.D. Mich., Doc. No. 283); and the remaining 24 months of the 51 month sentence to run consecutively with the 137 month sentence. The Judgment was entered on June 6,

2008. (Doc. No. 64) Ellison thereafter filed a Motion to Correct Sentence, which was denied by the Court on December 8, 2008. (Doc. No. 66) Ellison appealed the Judgment, which was dismissed by the United States Court of Appeals for the Sixth Circuit on June 30, 2009 for want of prosecution. (Doc. No. 68) Three years later, on July 18, 2012, Ellison filed this Motion for Equitable Relief. Ellison subsequently filed a Request for Judicial Notice, a Motion to Advance Cause, and a Motion of Judicial Notice. (Doc. Nos. 69, 70, 71, 72)

## II. ANALYSIS

Section 2255 states that a federal prisoner can move a district court to vacate, set aside or correct a sentence. 28 U.S.C. § 2255(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period which typically runs from the date on which the judgment of conviction becomes final. *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001); 28 U.S.C. § 2255(f)(1). When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for section 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). In the instant case, Ellison had 90 days after the Sixth Circuit's June 30, 2009 Order dismissing his direct appeal to file a section 2255 motion.

Ellison did not file such a motion within that time nor did Ellison otherwise proceed with his appeal before the Sixth Circuit. Ellison claims his counsel failed to complete the filing of Petitioner's direct appeal and that Ellison attempted to contact his counsel on several occasions with no success.

Equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline arose from circumstances beyond that litigant's control. *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010). A petitioner is entitled to equitable tolling if he demonstrates that (1) an extraordinary circumstance outside of his control prohibited him from timely filing the motion, and (2) he was diligently pursuing his rights. *Holland v. Florida,* 544 U.S. 631, 649 (2010). "Extraordinary circumstances" do not include a garden variety claim of excusable neglect where a party was negligent in miscalculating a filing deadline. *Id.* at 651. Negligence on the part of a prisoner's postconviction attorney does not qualify based on the well-settled principles of agency law, where the principal bears the risk of a negligent conduct on the part of his agent. *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012). Where an attorney abandons a client, without notice to the client causing the failure to timely file documents with the court, or failing to communicate with the client after many inquiries by the client, and terminating representation

without formal steps to withdraw as attorney of record, could constitute "extraordinary circumstances" beyond the client's control. *Id.* at 922-23.

In this case, the Sixth Circuit dismissed Ellison's appeal for want of prosecution. (Doc. No. 68) The Sixth Circuit Order indicates that Ellison was advised that failure to satisfy certain obligations, including filing of the proper fee, would result in dismissal of the case for want of prosecution. The Sixth Circuit found Ellison failed to file the fee and so dismissed the case. (Doc. No. 68) The cover letter form the Sixth Circuit addresses the letter and the order to Ellison *himself*, and not his counsel. (Doc. No. 68) This indicates that at the time the order dismissing the appeal for want of prosecution was filed by the Sixth Circuit Ellison was not represented by counsel since the letter was not addressed to Ellison's counsel.

A review of the Sixth Circuit docket indicates that on April 30, 2009, the Sixth Circuit entered an order withdrawing Ellison's counsel as CJA counsel. Ellison was ordered to pay the full filing fee or file a motion for in forma pauperis with the district court within 30 days from the date of the Order. (6th Cir. Case No. 08-1746, Doc. No. 42) The Order indicated that failure to pay the fee or file the in forma pauperis motion would result in the appeal begin dismissed for want of prosecution. (*Id.*) The cover letter to the April 30, 2009 Order was addressed to *both* Ellison and his former counsel. As noted above, on June 30, 2009, the Sixth Circuit then dismissed the

4

appeal for want of prosecution, sending the order to Ellison only and not to his former counsel. (Doc. No. 68) Ellison did not file the instant Motion for Equitable Relief before this Court until July 18, 2012, more than three years after his case was dismissed by the Sixth Circuit for want of prosecution.

The Court finds there exists no "extraordinary circumstance" to toll the one-year statute of limitations to file a section 2255 motion. Ellison's counsel on appeal was withdrawn from the case by the Sixth Circuit and Ellison was ordered by the Sixth Circuit to either pay the filing fee or file an in forma pauperis motion. Ellison failed to pay the fee or file an in forma pauperis motion. Ellison had notice of his counsel's withdrawal and the dismissal of the appeal for want of prosecution since the Sixth Circuit mailed these two orders to Ellison. Although Ellison's counsel did not "complete" Ellison's appeal as argued by Ellison, this action cannot be considered an abandonment by counsel since the Sixth Circuit entered an Order withdrawing counsel and Ellison had notice of the Order and the steps required to proceed with the appeal.

The Court further finds that based on the three-year time lapse between the Sixth Circuit's dismissal of his appeal and the filing of the July 2012 motion, with no signs of any filing by Ellison in this Court's docket or the Sixth Circuit's docket, Ellison cannot show that he was diligent in pursuing his rights with this Court or the

Sixth Circuit. Ellison's request to equitably toll the one-year statute of limitations to file a motion under section 2255 is denied.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion for Equitable Relief **[Doc. No. 69]** is DENIED.

IT IS FURTHER ORDERED that the Request for Judicial Notice **[Doc. No. 70]** is MOOT.

IT IS FURTHER ORDERED that the Motion to Advance Cause **[Doc. No. 71]** is MOOT.

IT IS FURTHER ORDERED that the Motion for Judicial Notice **[Doc. No. 72]** is MOOT.

                                                  */s/ Denise Page Hood*
                                                  DENISE PAGE HOOD
                                                  United States District Judge

DATED:    JUL 1 7 2014